## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

2010 APR 14  PM 1:35

4. Buie

C V 5 1 0 - 0 3 7

| | |
|---|---|
| MARTIN MARIETTA AGGREGATES, )<br>a division of MARTIN MARIETTA )<br>MATERIALS, INC., )<br> )<br>      Plaintiff, )<br> )<br>vs. )<br> )<br>DOUGLAS ASPHALT COMPANY and )<br>DOUGLAS ASPHALT PAVING, INC., )<br> )<br> )<br>      Defendants. ) | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL OF<br>STATE COURT ACTION TO<br>UNITED STATES DISTRICT<br>COURT** |

### NOTICE OF REMOVAL

Plaintiff, Martin Marietta Aggregates, a division of Martin Marietta Materials, Inc. ("MMA"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1334, 1446, 1452, and 157(a), and Federal Rule of Bankruptcy Procedure 9027, hereby files this Notice of Removal of State Court Action to United States District Court ("Notice of Removal"), whereby MMA removes to this Court all claims, counterclaims and causes of action in the civil action styled Martin Marietta Aggregates, a division of Martin Marietta Materials, Inc. v. Douglas Asphalt Company and Douglas Asphalt Paving, Inc., which proceeding is removed from the Superior Court of Coffee County, State of Georgia, Civil Action No. 2009S01-57 (the "State Action"). MMA reserves all claims, defenses and rights available to them, and states as follows:

    A.    **Background**

        1.    On or about January 20, 2009, MMA initiated the State Action against Douglas Asphalt Company ("DAC") and Douglas Asphalt Paving, Inc. ("DAP").

2.     In the State Action, MMA seeks monetary damages in the amount of $547,056.01 plus interest and costs based on suit on open account.

3.     On or about February 27, 2009, DAC and DAP counterclaimed, seeking monetary damages in an unspecified amount.

4.     On December 2, 2009, certain of DAC's creditors initiated DAC's instant bankruptcy proceedings and filed an involuntary petition for relief under chapter 11 of the title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Georgia (the "Bankruptcy Court"), Docket No. 09-51272 (the "Bankruptcy Case").

5.     On or about March 4, 2010 DAC moved the Bankruptcy Court to lift the automatic stay to various pending litigated matters, including the State Action.

6.     On April 1, 2010, the Bankruptcy Court lifted the automatic stay as it applied to the State Action.  The Order was entered by the Bankruptcy Court on April 13, 2010, and is attached hereto as Exhibit "A."

**B.     Removal Jurisdiction**

1.     MMA files this Notice of Removal pursuant to 28 U.S.C. § 1452(a) within the time required by law for removal under Federal Rule of Bankruptcy Procedure 9027(a)(2). Specifically, as the State Action was filed in Coffee County, Georgia this Court is the proper court for removal since it is in "the district where such civil action is pending." 28 U.S.C. § 1452(a).

2.     As the State Action is "related to" the Bankruptcy Cases, this Court has subject matter jurisdiction over the State Action and the claims and causes of action asserted

therein pursuant to 28 U.S.C. § 1334(b).   The State Action is related to the Bankruptcy Cases

because it has the required nexus to the Bankruptcy Case:

> In short, "'the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (quoting *Pacor*, 743 F.2d at 994). Therefore, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action [**10] (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* at 625-26; *see also Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255-56 (4th Cir. 1997).

> *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. Va. 2007); *see*

*also In re Lemco Gypsum, Inc.* 910 F.2d 784, 788 (11th Cir. 1990) (joining with the Fourth

Circuit and other jurisdictions that have adopted the formulation, known as the *Pacor* test).

## C.   Notice

    1.    Pursuant to Federal Rule of Bankruptcy Procedure 9027(b) and (c), MMA

is filing this Notice of Removal with the clerk for the court where the State Action is now

pending (Coffee County) and serving it on counsel for the Defendants.   The pleadings and

process filed in the State Action are attached hereto as Exhibit "B."

## D.   Consent to Jurisdiction

    1.    This proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A), (B),

and/or (O). Specifically, the outcome of the State Action will affect the administration of the

Bankruptcy Case. Should this Court (or any subsequent court to which this Court may transfer

the matter) determine that it is a non-core matter under 28 U.S.C. § 157, MMA consents to entry

of final orders or judgment by the bankruptcy judge.

**E.**     **Non-Waiver of Defenses**

1.     Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of MMA's right to assert any defense or affirmative response in this proceeding.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), and having complied with Federal Rule of Bankruptcy Procedure 9027(a), MMA respectfully requests that the State Action now pending in the Superior Court of Coffee County, Georgia be removed to this Court.

Respectfully submitted this 14th day of April, 2010.


HUNTER, MACLEAN, EXLEY & DUNN, P.C.


By:     /s/ Edgar M. Smith
        Christopher W. Phillips
        State Bar No. 002920
        Bradley M. Harmon
        State Bar No. 327097
        Edgar M. Smith
        State Bar No. 683836
        Attorneys for Defendant

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912)236-0261

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In re:

**Douglas Asphalt Company**
    Debtor

Case No.:  09–51272–JSD

Judge:   John S. Dalis

Chapter: **H 7 9 3r**

### *ORDER ON MOTION FOR RELIEF FROM STAY*

MOVANT: Douglas Asphalt Company

SUBJECT PROPERTY: See attached Exhibit A

☑ Granted.

☐ The Trustee will discontinue distribution on the movant's claim and reduce movant's claim to the amount paid if no amended claim is filed within _____ days of this order.

☐ The Trustee shall reduce movant's claim relating to this collateral to the amount paid. Movant is granted leave to seek allowance of a deficiency claim, if appropriate.

☐ **Continued to** _____ **at** _____ **a.m./p.m.**   ☐ Denied.

☐ The debtor shall make timely post-petition payments to movant as required by the Chapter 13 plan.

☐ The debtor shall tender payments to cure an arrearage of _____ as follows:

Pay _____ by _____

Pay _____ per month beginning _____

for _____ months and a final payment of _____ .

STRICT COMPLIANCE IS ORDERED as follows:

☐ That in the event the debtor fails to comply with the terms of this order, the movant, through its attorney of record, may file an affidavit establishing the default, served upon debtor and debtor's attorney.Upon the expiration of fourteen (14) days without the filing of a counteraffidavit by the debtor disputing the fact of default, an order may be entered lifting the automatic stay, converting the case to a Chapter 7 or dismissing the case without further motion, notice or hearing.

☐ The automatic stay is lifted automatically and without any further Notice or Order of Court, in the event that debtor remains in default in the performance of any payment obligation set forth in this order fourteen (14) days after the filing and service of a Notice of Non-compliance by Movant. Any action to reimpose the stay seeks injunctive relief and shall be brought as an Adversary Proceeding under Rules 7065 and 9011.

☐ The strict compliance provision of this Order shall expire on _____ .

☑ Other provisions:

Further ordered that the grant of stay relief extends to all other individuals and entities, whether parties at present or joined as parties in the future, in the five (5) civil actions listed in attached Exhibit A, to whatever extent necessary to carry the matter through to a final, unappealable judgment, whether by complaint, counterclaim, or crossclaim and defenses thereto and including any post-judgment motions and appeals.

Dated: _April 13, 200__     _____
                            John S. Dalis , United States Bankruptcy Judge

By our signatures below we do hereby consent to the entry of the foregoing order:

_____   _____   _____
    *Attorney for Movant*       *Attorney for Respondent/Debtor*       *Trustee*
GASB-55 (Rev. 01/10) CK

# Exhibit A
## Order on Motion for Relief from Stay

*Douglas Asphalt Company, Joel H. Spivey, and Kyle Spivey vs. Applied Technical Services, Inc.*, United States District Court Southern District ofGeorgia, Brunswick Division, Civil Action No. CV206-229;

*Georgia Department of Transportation vs. Douglas Asphalt Company*, SuperiorCourt of Turner County, Georgia, Civil Action No. 2005-CV-0137;

*Martin Marietta Aggregates vs. Douglas Asphalt Company and Douglas Asphalt Paving*, Superior Court of Coffee County, Georgia, Civil Action No. 2009S01-57;

*Douglas Asphalt Company and Joel Spivey vs. Matthews Construction Management, LLC*, State Court of Gwinnett County, Georgia, Case No.09C15994-6;

*Georgia Department of Transportation vs. Douglas Asphalt Company*, Superiorof Fulton County, Georgia, Civil Action No. 2004-CV-83139

# Exhibit B

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARTIN MARIETTA AGGREGATES,<br>a Division of MARTIN MARIETTA<br>MATERIALS, INC.<br><br>   Plaintiff<br><br>v.<br><br>DOUGLAS ASPHALT COMPANY and<br>DOUGLAS ASPHALT PAVING, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. **2009S01-57**<br>)<br>)<br>)<br>)<br>)<br>) |

### PLEADINGS & DISCOVERY

| Tab | PLEADINGS & DISCOVERY | Date |
|---|---|---|
| 1. | Complaint | 1/20/09 |
| 2. | Summons | 1/20/09 |
| 3. | Sheriff's Entry of Service | 1/30/09 |
| 4. | Douglas Asphalt Paving, Inc. Answer to Complaint | 2/23/09 |
| 5. | USCR 5.2 Certificate of Service, Defendant Douglas Asphalt Paving, Inc., Request to Produce | 2/23/09 |
| 6. | USCR 5.2 Certificate of Service, Defendant Douglas Asphalt Paving's First Interrogatories | 2/23/09 |
| 7. | Answer and CounterClaim of Defendants – Douglas Asphalt Company and Douglas Asphalt Paving, Inc., (filed by C. Dorian Britt | 2/27/09 |
| 8. | USCR 5.2 Certificate of Service, Defendant's First Interrogatories to Plaintiff | 3/30/09 |
| 9. | USCR 5.2 Certificate of Service, Defendants' First Request for Production of Documents to Plaintiff | 3/30/09 |
| 10. | USCR 5.2 Certificate of Service, Notice to Take Deposition of Bill Lowish | 5/18/09 |
| 11. | USCR 5.2 Certificate of Service, Notice to Take Deposition of Marc Kmec | 5/18/09 |
| 12. | USCR 5.2 Certificate of Service, Notice to Take Deposition by Video Conference of Todd Wilson | 5/18/09 |
| 13. | USCR 5.2 Certificate of Service, Amended Notice to Take Deposition of Bill Lowish | 5/19/09 |
| 14. | USCR 5.2 Certificate of Service, Notice to Take Deposition by Video-Conference of Keith Hedrick | 5/20/09 |
| 15. | USCR 5.2 Certificate of Service, MMA's Response to Defendants' First Request for Production of Documents | 6/1/09 |
| 16. | USCR 5.2 Certificate of Service, MMA's Responses to Defendants' First Interrogatories | 6/1/09 |

| Tab | PLEADINGS & DISCOVERY | Date |
|---|---|---|
| 17. | USCR 5.2 Certificate of Service, Plaintiff's First Request for Production of Documents to Douglas Asphalt Company | 6/1/09 |
| 18. | USCR 5.2 Certificate of Service, Plaintiff's First Interrogatories to Douglas Asphalt Company | 6/1/09 |
| 19. | USCR 5.2 Certificate of Service, Plaintiff's Second Request for Production of Documents to Douglas Asphalt Company | 6/4/2009 |
| 20. | USCR 5.2 Certificate of Service, Notice of Depositions for:  Joel Spivey -- 7/27 at 10:00 am<br>Mary Jean Spivey – 7/27 at 1:00 pm<br>Lori Spivey Smith – 7/27 at 3:00 pm<br>Kyle Spivey – 7/28 at 10:00 am<br>Angelique Box – 7/28 at 12:00 noon<br>Kelly Murray – 7/28 at 2:00 pm | 6/26/2009 |
| 21. | USCR 5.2 Certificate of Service, Plaintiff's First Interrogatories to Douglas Asphalt Paving, Inc. | 7/6/09 |
| 22. | USCR 5.2 Certificate of Service, Plaintiff's First Request for Production of Documents to Douglas Asphalt Paving, Inc. | 7/6/09 |
| 23. | USCR 5.2 Certificate of Service, Notice to Take Deposition of Jim McKnight by Video-conference on Aug. 13, 2009 at 10:00 AM.  (Filed by Britt) | 7/10/09 |
| 24. | USCR 5.2 Certificate of Service, Defendant Douglas Asphalt Company's Response to Plaintiff's First Interrogatories | 7/10/09 |
| 25. | USCR 5.2 Certificate of Service, Defendant Douglas Asphalt Company's Response to Plaintiff's First Request for Production of Documents | 7/10/09 |
| 26. | Plaintiff's First Amended Complaint | 7/23/09 |
| 27. | Joint Motion for Extension of Discovery | 8/7/09 |
| 28. | USCR 5.2 Certificate of Service, Amended Notice for Plaintiff to take Depositions of:<br>• Joel Spivey<br>• Kyle Spivey<br>• Lori Spivey Smith<br>• Mary Jean Spivey<br>• Angelique Box<br>• Kelly Murray<br>On Sept. 2 and Sept. 3 at offices of Dorian Britt | 8/10/09 |
| 29. | USCR 5.2 Certificate of Service, Notice to Take Deposition by Video-Conference of Tony DeRico in Augusta on Sept. 9, 2009 | 8/10/09 |
| 30. | USCR 5.2 Certificate of Service, Notice to Take 30(b)(6) Deposition of Martin Marietta at offices of Savage Turner on Sept. 15, 2009, beginning at 10:00 AM | 8/11/09 |
| 31. | Consent Order on Extension of Discovery (to Nov. 1, 2009) | 8/21/09 |
| 32. | Answer of Defendants to Plaintiff's First Amended Complaint | 8/26/09 |
| 33. | USCR 5.2 Certificate of Service, Douglas' Response to Plaintiff's First | 9/9/09 |

| Tab | PLEADINGS & DISCOVERY | Date |
|---|---|---|
| | Request for Production of Documents | |
| 34. | USCR 5.2 Certificate of Service, Douglas' Response to Plaintiff's First Interrogatories | 9/9/09 |
| 35. | USCR 5.2 Certificate of Service, Douglas' Response to Plaintiff's Second Request for Production of Documents | 9/9/09 |
| 36. | Notice of Appearance – Kenneth E. Futch and Becky Wilcox, co-counsel for Douglas Asphalt Company and Douglas Asphalt Paging | 9/10/09 |
| 37. | USCR 5.2 Certificate of Service, Amended Notice for Plaintiff to take Deposition of: <br> • Mary Jean Spivey <br> On Oct. 6 at 1:00 PM  at offices of Dorian Britt | 9/16/09 |
| 38. | USCR 5.2 Certificate of Service, Amended Notice for Plaintiff to take Depositions of: <br> • Joel Spivey <br> • Kyle Spivey <br> • Lori Spivey Smith <br> • Angelique Box <br> • Kelly Murray <br> On Oct. 8 and Oct. 9 at offices of Dorian Britt beginning at 10:00 AM | 9/16/09 |
| 39. | USCR 5.2 Certificate of Service, Defendant Douglas Asphalt Paving, Inc.'s Supplemental Response to Plaintiff's First Request for Production of Documents | 9/18/09 |
| 40. | USCR 5.2 Certificate of Service, Amended Notice for Plaintiff to take Depositions of: <br> • Joel Spivey at 10:00 on Nov. 9 <br> • Kyle Spivey at 1:00 on Nov. 9 <br> • Lori Spivey Smith at 3:00 PM on Nov. 9 <br> • Mary Jean Spivey at 10:00 AM on Nov. 10 <br> • Angelique Box at 11:00 AM on Nov. 10 <br> • Kelly Murray at 1:00 PM on Nov. 10 <br> On Nov. 9 and Nov. 10 at offices of Dorian Britt beginning at 10:00 AM | 10/20/09 |
| 41. | USCR 5.2 Certificate of Service, Defendant's Notice to Take Deposition by Video-Conference – Dan Cisle – Jacksonville, FL – December 3, 10:00 AM | 10/29/09 |
| 42. | Second Joint Motion for Extension of Discovery | 10/29/09 |
| 43. | USCR 5.2 Certificate of Service, Defendant's Notice to Take Deposition by Video-Conference – Becky Chappell; Nov 13, 10:00 AM Duluth, GA | 10/30/09 |
| 44. | Consent Order on Extension of Discovery | 11/3/09 |
| 45. | USCR 5.2 Certificate of Service, DAC's Notice to Take Deposition of Tony DiRico by Video Conference on Nov. 30, 10:00 AM, Esquire Court Reporting, 513 Ellis St., Augusta, GA 30901 | 11/10/09 |
| 46. | USCR 5.2 Certificate of Service, DAC's Notice to Take Deposition of Cliff McKeever by Video Conference on December 1, 10:00 AM, Esquire Solutions, 6501 Peake Road, Suite 500, Macon, GA 31210 | 11/10/09 |

| Tab | PLEADINGS & DISCOVERY | Date |
|---|---|---|
| 47. | USCR 5.2 Certificate of Service, DAC's Notice to Take Deposition of Keith Bloodworth by Video Conference on December 1, 1:00 PM, Esquire Solutions, 6501 Peake Road, Suite 500, Macon, GA 31210 | 11/10/09 |
| 48. | USCR 5.2 Certificate of Service, DAC's Notice to Take Deposition of Anthony Patterson by Video Conference on December 1, 3:00 PM, Esquire Solutions, 6501 Peake Road, Suite 500, Macon, GA 31210 | 11/10/09 |
| 49. | USCR 5.2 Certificate of Service, DAC's Notice to Take 30(b)(6) Deposition (Bill Lowish) on Dec. 7 at 2:00 PM at Hunter Maclean Exley & Dunn | 11/10/09 |
| 50. | USCR 5.2 Certificate of Service, Defendants' Notice to Take Deposition by Video-Conference of Glen Powell in Albany, GA on Dec. 8 at 10:00 AM | 11/17/09 |
| 51. | USCR 5.2 Certificate of Service, Defendant Douglas Asphalt's Supplemental Response to Plaintiff's First Interrogatories | 11/25/09 |
| 52. | USCR 5.2 Certificate of Service, Defendant's Second Request for Production of Documents to Plaintiff | 11/30/09 |
| 53. | Martin Marietta' s Suggestion of Bankruptcy for Douglas Asphalt Company | 12/3/09 |

1

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES,        )
a division of MARTIN MARIETTA       )
MATERIALS, INC.,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        CIVIL ACTION NO. 2009 801·57
                                    )
DOUGLAS ASPHALT COMPANY and         )
DOUGLAS ASPHALT PAVING, INC.,       )
                                    )
        Defendants.                 )

## COMPLAINT

COMES NOW MARTIN MARIETTA AGGREGATES, a division of MARTIN

MARIETTA MATERIALS, INC. ("MMA"), Plaintiff herein, by and through its undersigned

counsel, and files this civil action against DOUGLAS ASPHALT COMPANY and DOUGLAS

ASPHALT PAVING, INC., showing this Honorable Court as follows:

1.      DOUGLAS ASPHALT COMPANY is a corporation organized and existing under

the laws of the State of Georgia, with its principal place of business located in Coffee County,

Georgia. DOUGLAS ASPHALT COMPANY is thus subject to the jurisdiction of this Court and

venue is proper in this Court. DOUGLAS ASPHALT COMPANY may be served through its

registered agent Joel Spivey, at 12331 Hwy 32 West, Ambrose, GA 31512.

2.      DOUGLAS ASPHALT PAVING, INC. is a corporation organized and existing under

the laws of the State of Georgia, with its principal place of business located in Coffee County,

Georgia. DOUGLAS ASPHALT PAVING, INC. is thus subject to the jurisdiction of this Court and

venue is proper in this Court. DOUGLAS ASPHALT PAVING, INC. may be served through its

registered agent Mary Jean Spivey, at 12331 Hwy 32 West, Ambrose, GA 31512.

Filed in Office this

20 day of _____ 09

_____
Clerk, Superior Court & State Court
Coffee County, Georgia

3.    Upon information and belief, DOUGLAS ASPHALT PAVING, INC. is the successor in interest to DOUGLAS ASPHALT COMPANY, and has assumed some or all of the liabilities and debts of DOUGLAS ASPHALT COMPANY.

4.    DOUGLAS ASPHALT COMPANY entered into an agreement for an open account/line of credit with MMA for MMA to provide aggregate materials to DOUGLAS ASPHALT COMPANY.    MMA provided aggregate materials to DOUGLAS ASPHALT COMPANY on the open account on numerous occasions.

5.    DOUGLAS ASPHALT COMPANY currently owes $547,056.01 on the open account to MMA.

6.    On Sept. 22, 2008, MMA notified DOUGLAS ASPHALT COMPANY that it was in default under the terms of the open account/line of credit agreement for its failure to make payments on the $547,056.01 owed to MMA.  On the same date, MMA demanded payment of the full amount of $547,056.01.

7.    As of the date of this Complaint, DOUGLAS ASPHALT COMPANY has made no payments on the outstanding balance of $547,056.01 on the open account with MMA.

8.    DOUGLAS ASPHALT COMPANY has failed and refused to pay MMA the full amount due and owing for the afore-mentioned aggregate materials, despite a demand for payment by MMA.

9.    DOUGLAS ASPHALT COMPANY breached its obligations to pay MMA under the open account/line of credit agreement.

10.    MMA is entitled to a judgment in the amount of $547,056.01 against DOUGLAS ASPHALT COMPANY for the amount owed on the aforementioned open account.

11.     Additionally, MMA is entitled to interest on the $547,056.01 amount owed by DOUGLAS ASPHALT COMPANY on the open commercial account at the rate of one and one-half percent (1 ½ %) per month from the date said amount became due and payable, pursuant to O.C.G.A. § 7-4-16.

12.     MMA is also entitled to recover its costs of this action and expenses of litigation, including attorney's fees, from DOUGLAS ASPHALT COMPANY pursuant to O.C.G.A. § 13-1-11 and/or O.C.G.A. § 13-6-11.

13.     DOUGLAS ASPHALT PAVING, INC., as successor in interest to DOUGLAS ASPHALT COMPANY, and who assumed some or all of DOUGLAS ASPHALT COMPANY'S liabilities and debts, owes MMA the entire unpaid amount $547,056.01 on the open commercial account set forth above, and is liable to MMA for the amounts incurred by its predecessor in interest on the aforementioned open commercial account.

14.     MMA is entitled to interest on the $547,056.01 amount owed by DOUGLAS ASPHALT PAVING, INC. on the open commercial account at the rate of one and one-half percent (1 ½ %) per month from the date said amount became due and payable, pursuant to O.C.G.A. § 7-4-16.

15.     MMA is also entitled to recover its costs of this action and expenses of litigation, including attorney's fees, from DOUGLAS ASPHALT PAVING, INC. pursuant to O.C.G.A. § 13-1-11 and/or O.C.G.A. § 13-6-11.

WHEREFORE, Martin Marietta Aggregates hereby requests that service be made on Douglas Asphalt Company and Douglas Asphalt Paving, Inc., and that judgment be entered as follows:

(a)     For judgment against Douglas Asphalt Company and Douglas Asphalt Paving, Inc. for the amount presently due and owing of $547,056.01, plus interest at the rate of one and one-half percent per month from the date the same became due and payable;

(b)     For all costs, expenses and attorney's fees expended by MMA in prosecuting this action; and

(d)     For such other and further relief as this Court deems just and proper.

Respectfully submitted this 16ᵗʰ day of January, 2009.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____

Bradley M. Harmon
State Bar No. 327097
*Attorney for Plaintiff Martin Marietta Aggregates*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia  31412
(912) 236-0261

2

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES,          )
A DIVISION OF                ,              )
MARTIN MARIETTA MATERIALS, INC.        )
                                         )
        Plaintiffs,                        )
                                         )
vs.                                      )          CIVIL ACTION NO. *2009 SO1·57*
                                         )
DOUGLAS ASPHALT COMPANY and           )
DOUGLAS ASPHALT PAVING, INC.           )
                                         )
        Defendants.                        )

## SUMMONS

To the Above Named Defendant:

Douglas Asphalt Paving, Inc.
c/o Mary Jean Spivey, Registered Agent
12331 Hwy 32 West
Ambrose, GA 31512

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

Bradley M. Harmon, Esq.
Hunter Maclean Exley & Dunn, P.C.
P.O. Box 9848
Savannah, GA 31412-0048

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This *20* day of _____*Jan*_____, 2009.

ANGELA C. SPELL
Clerk of Superior Court
COFFEE COUNTY

By: *Christine Knight*
Deputy Clerk

3

**THE SUPERIOR COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

**SHERIFF'S ENTRY OF SERVICE**

Plaintiff(s) _____

vs.

Defendant(s) _____

_____

Garnishee

Case Number _____

Cause of Action _____

_____
_____
_____
_____

(Plaintiff or Plaintiff's Attorney)

NOTICE OF SERVICE ON: _____

_____
_____
_____

(Name and Address of Person Served)

**PERSONAL**

I have this day served the Defendant _____ personally with a true copy of the within petition and summons.

This _____ day of _____ 19_____. _____, Deputy Sheriff

**RESIDENTIAL**

I have this day served the Defendant _____ with a true copy of the within petition and summons by serving same upon _____ a person Sui Juris residing on the premises.

This _____ day of _____ 19_____. _____, Deputy Sheriff

**CORPORATION**

I have this day served the Defendant _____, a corporation, with a true copy of the within petition and summons by handing the same in person to _____, an officer of said corporation.

This _____ day of _____ 19_____. _____, Deputy Sheriff

**TACKED AND MAILED**

I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.

This _____ day of _____ 19_____. _____, Deputy Sheriff

**GARNISHEE**

I have this day at the hour of _____ served the Summons of Garnishment upon _____ by handing the original of same to _____ in person, he/she being _____ and agent in charge of _____ at the time of service in Chatham County.

This _____ day of _____ 19_____. _____, Deputy Sheriff

Filed in Office this
30 day of Jan.

Clerk, Superior Court & State Court
Chatham County, Georgia

**MAILED**

This is to certify that I have this day served the Defendant _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to Defendant at his last known address as stated in the attached Affidavit, with adequate postage affixed thereon.

This _____ day of _____ 19_____. _____, Deputy Sheriff

**DILIGENT SEARCH**

Diligent search made and Defendant is not to be found in the jurisdiction of this court _____

This _____ day of _____ 19_____. _____, Deputy Sheriff

THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

MARTIN MARIETTA AGGREGATES, )
a Division of MARTIN MARIETTA )
MATERIALS, INC. )
_____ )
_____ Plaintiff(s)

vs.

DOUGLAS ASPHALT COMPANY AND )
DOUGLAS ASPHALT PAVING, INC. )
_____ )
_____ Defendant(s)

_____

_____ Garnishee

Case Number _____

Cause of Action _____

Bradley M. Hannan, Esq.
Hunter Maclean Exley & Dunn, PC
P O Box ____
Savannah, GA 31412
(Plaintiff or Plaintiff's Attorney)

NOTICE OF SERVICE ON: DOUGLAS ASPHALT COMPANY
C/O Joel McKwe, Registered Agent
12331 Hwy 17 West
Ambrose, GA 31512
(Name and Address of Person Served)

**PERSONAL**
I have this day served the Defendant_____personally with a true copy of the within petition and summons.
This_____day of_____20_____. _____, Deputy Sheriff

**RESIDENTIAL**
I have this day served the Defendant_____with a true copy of the within petition and summons by serving same upon_____ a person Sui Juris residing on the premises.
This_____day of_____20_____. _____, Deputy Sheriff

**CORPORATE**
I have this day served the Defendant_____, a corporation, with a true copy of the within petition and summons by handing the same in person to _____, an officer of said corporation.
This 23 day of_____20 __. _____, Deputy Sheriff

**TACKED AND MAILED**
I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.
This_____day of_____20_____. _____, Deputy Sheriff

**GARNISHEE**
I have this day at the hour of_____served the Summons of Garnishment upon _____by handing the original of same to_____ in person, he/she being_____and agent in charge of_____ at the time of service in Chatham County.
This_____day of_____20_____. _____, Deputy Sheriff

Filed in Office this
30 day of Jan. 200_

**MAILED**
This is to certify that I have this day served the Defendant_____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail in an envelope properly addressed to Defendant at his last known address as shown with adequate postage affixed thereon.
This_____day of_____20_____. _____, Deputy Sheriff

Angela Spell-Hutto
Clerk, Superior Court & State Court
Coffee County, Georgia

**DILIGENT SEARCH**
Diligent search made and Defendant is not to be found in the jurisdiction of this court_____
This_____day of_____20_____. _____, Deputy Sheriff

4

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES a division of MARTIN MARIETTA MATERIALS, INC., | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION FILE NO.: 2009501-57 |
| DOUGLAS ASPHALT COMPANY and DOUGLAS ASPHALT PAVING, INC., | § § § § | |
| Defendants. | § § | |

## ANSWER TO COMPLAINT

COMES NOW  DOUGLAS ASPHALT PAVING, INC., Defendant in the above styled case, and files this their Answer to Complaint as follows:

1.

Defendant denies paragraph one.

2.

Defendant admits paragraph two.

3.

Defendant denies paragraph three.

4.

Defendant denies paragraph four.

5.

Defendant denies paragraph five.

6.

Defendant denies paragraph six.

7.

Defendant denies paragraph seven.

8.

Defendant denies paragraph eight.

9.

Defendant denies paragraph nine.

10.

Defendant denies paragraph ten.

11.

Defendant denies paragraph eleven.

12.

Defendant denies paragraph twelve.

13.

Defendant denies paragraph thirteen.

14.

Defendant denies paragraph fourteen.

15.

Defendant denies paragraph fifteen.

This _23_ day of _____, 2009.

Respectfully Submitted,

Keith M. Morris
Attorney for Defendant
State Bar No.: 524375

581 East Parker Street
Baxley, Ga. 31513
912-367-2636

CERTIFICATE OF SERVICE

This is to certify that I have this 23 day of, _Feb_ 2009, served opposing counsel

with a true and correct copy of **Defendant's Answer to Complaint** by depositing a copy of same

in the United States Mail with sufficient postage affixed thereto and addressed as follows:

Bradley M. Harmon, Esq.
Hunter Maclean Exley, & Dunn, P.C.
P.O. Box 9848
Savannah, Ga. 31412-0048

_____
Keith M. Morris
Attorney for Defendant
State Bar No: 524375

581 E. Parker St.
Baxley, Ga. 31513
(912) 367-2636

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREATES,    §
A DIVISION OF
MARTIN MARIETTA MATERIALS, INC.,
      *Plaintiff*    §

vs.    §    CIVIL ACTION
                                 FILE NO:2009S01-57

DOUGLAS ASPHALT COMPANY and    §
DOUGLAS ASPHALT PAVING, INC.,
      *Defendant*    §

                        §


## CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Pursuant to Uniform Superior Court Rule 5.2, I, Keith M. Morris, Attorney for

Defendant, do hereby certify that I have this day served a true and correct copy of **Defendant's**

**Answer to Complaint** to opposing counsel in the above styled matter, by depositing a copy of

same in the United States mail in a properly-addressed envelope with adequate postage thereon

to:

Bradley M. Hammon. Esq.
Hunter Maclean Exley & Dunn, P.C.
P.O. Box 9848
Savannah, Ga. 31412-0048

This 23 day of Feb , 2009.

                                                Keith M. Morris
                                                Attorney for Defendant
                                                State Bar No: 524375

581 E. Parker St.
Baxley, Ga. 31513
(912) 367-2636

5

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREATES,   §
A DIVISION OF
MARTIN MARIETTA MATERIALS, INC.,
       *Plaintiff*         §

vs.                   §      CIVIL ACTION
                         FILE NO:2009S01-57

DOUGLAS ASPHALT COMPANY and   §
DOUGLAS ASPHALT PAVING, INC.,
       *Defendant*       §

                     §

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Pursuant to Uniform Superior Court Rule 5.2, I, Keith M. Morris, Attorney for

Defendant, do hereby certify that I have this day served a true and correct copy of **Defendant's**

**Request to Produce to Plaintiff** to opposing counsel in the above styled matter, by depositing a

copy of same in the United States mail in a properly-addressed envelope with adequate postage

thereon to:

Bradley M. Hammon. Esq.
Hunter Maclean Exley & Dunn, P.C.
P.O. Box 9848
Savannah, Ga. 31412-0048

    This 23 day of Feb , 2009.

                                   _____
                                   Keith M. Morris
                                   Attorney for Defendant
                                   State Bar No: 524375

581 E. Parker St.
Baxley, Ga. 31513
(912) 367-2636

6

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREATES,          §
A DIVISION OF
MARTIN MARIETTA MATERIALS, INC.,
     *Plaintiff*          §

vs.          §          CIVIL ACTION
     FILE NO:2009S01-57

DOUGLAS ASPHALT COMPANY and          §
DOUGLAS ASPHALT PAVING, INC.,
     *Defendant*          §

     §

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

     Pursuant to Uniform Superior Court Rule 5.2, I, Keith M. Morris, Attorney for

Defendant, do hereby certify that I have this day served a true and correct copy of **Defendant's**

**First Interrogatories to Plaintiff** to opposing counsel in the above styled matter, by depositing a

copy of same in the United States mail in a properly-addressed envelope with adequate postage

thereon to:

Bradley M. Hammon, Esq.
Hunter Maclean Exley & Dunn, P.C.
P.O. Box 9848
Savannah, Ga. 31412-0048

     This 23 day of Feb , 2009.

_____
Keith M. Morris
Attorney for Defendant
State Bar No: 524375

581 E. Parker St.
Baxley, Ga. 31513
(912) 367-2636

7

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES,    )
a division of MARTIN MARIETTA    )
MATERIALS, INC.,    )
    )
        Plaintiff,    )
    )
vs.    )    Civil Action No.  2009S01-57
    )
DOUGLAS ASPHALT COMPANY and    )
DOUGLAS ASPHALT PAVING, INC.,    )
    )
        Defendants.    )

---

## ANSWER AND COUNTERCLAIM OF DEFENDANTS

**COME NOW** Defendants Douglas Asphalt Company and Douglas Asphalt Paving, Inc. and hereby submit their answers and defenses to the Complaint filed by Plaintiff and also counterclaim against Plaintiff, showing the following:

### First Defense

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Defense

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, ratification and/or laches.

### Third Defense

Plaintiff's Complaint is barred by the applicable statutes of limitation and/or repose.

### Fourth Defense

Plaintiff's claims, if any exist, are barred by reason of the fact that any injury or damage allegedly sustained by Plaintiff was the direct and proximate result of acts or omissions on the part of Plaintiff.

### Fifth Defense

Plaintiff's claims, if any exist, are barred by reason of the fact that the incidents described in Plaintiff's Complaint, and any and all alleged damages resulting therefrom, are the proximate result of the acts or omissions of third parties for whom Defendants are not responsible.

### Sixth Defense

Plaintiffs' Complaint is barred by their failure to satisfy conditions precedent.

### Seventh Defense

Plaintiff's claims against Douglas Asphalt Paving, Inc. should be dismissed as Douglas Asphalt Paving, Inc. is not a proper party to the issues in this matter.

### Eighth Defense

Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

1.      Admitted.

2.      Admitted.

3.      Denied.

4.      Defendants admit that MMA and Douglas Asphalt Company ("DAC") entered into an agreement in which MMA would provide DAC with aggregate material to DAC. Defendants deny that MMA adequately performed its obligations pursuant to said agreement(s).

5.      Denied.

6.      Admitted.

7.      Defendants admit that DAC has made no payments to MMA since September 22,

2008. Defendants that any amounts are owed to MMA

8.      Defendants admit that DAC has made no payments to MMA since September 22,

2008. Defendants deny that any amounts are owed to MMA.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

WHEREFORE, Defendants pray that:

(a)     Plaintiff's Complaint be dismissed with prejudice;

(b)     Defendants' costs in defending this action, including reasonable attorneys' fees,

        be assessed against Plaintiff; and

(c)     Defendants have such other and further relief as is just and proper.


## COUNTERCLAIM

**COMES NOW** DOUGLAS ASPHALT COMPANY, Defendant in the above-styled

action, and files its Counterclaim against Plaintiff as follows:

*Page 3 of 5*

1.      Pursuant to one or more agreements between Defendant Douglas Asphalt Company ("DAC") and MMA, MMA was required to provide aggregate material within a specific schedule for roadway projects assigned to DAC by the Georgia Department of Transportation ("GDOT").

2.      On numerous occasions, MMA failed to provide the agreed upon aggregate in a timely manner, thereby cause substantial delays with the projects.

3.      As a result of MMA's delays in providing materials, DAC incurred liquidated damages and other consequential damages.

4.      As a result of MMA's delays, DAC has suffered significant financial injury.

5.      Plaintiff has engaged in bad faith conduct in their dealings with Defendants and/or have been stubbornly litigious, entitling Defendants to attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.


WHEREFORE, Defendant Douglas Asphalt Company prays:

a)      That it have judgment against Plaintiff MMA for all damages it has sustained due to MMA's failure to fulfill its obligations to DAC;

b)      That it recover attorneys' fees and expenses from Plaintiff MMA;

c)      That it have a jury trial on all issues so triable; and

d)      That it have any other relief this Honorable Court finds just and proper.

This 27th day of February, 2009.

                                        **SAVAGE, TURNER, PINSON & KARSMAN**

By:  _____
      Brent J. Savage
      Georgia Bar No.  627450
      C. Dorian Britt
      Georgia Bar No.  083259

P.O. Box 10600
Savannah, Georgia  31412
(912) 231-1140

## CERTIFICATE OF SERVICE

     This is to certify that I have this day served all parties in the above matter with a true and correct copy of the foregoing by causing same to be placed in the United States Mail with proper postage affixed thereon addressed to the following:

Bradley M. Harmon, Esq.
Hunter Maclean Exley & Dunn
P. O. Box 9848
Savannah, GA 31412-0048

This 27th day of February, 2009.

_____
C. DORIAN BRITT
Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

8

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES,<br>a division of MARTIN MARIETTA<br>MATERIALS, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>DOUGLAS ASPHALT COMPANY and<br>DOUGLAS ASPHALT PAVING, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  2009S01-57 |

---

### CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above and foregoing Defendant's First Interrogatories to Plaintiff by causing same to be placed in the United States mail, postage prepaid, to:

**Bradley M. Harmon, Esq.**
**Hunter Maclean Exley & Dunn**
**P. O. Box 9848**
**Savannah, GA 31412-0048**

This 30th day of March, 2009.

_____
C. DORIAN BRITT
Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

*Page 1 of 1*

9

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES,<br>a division of MARTIN MARIETTA<br>MATERIALS, INC., | )<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  2009S01-57 |
| | ) | |
| DOUGLAS ASPHALT COMPANY and<br>DOUGLAS ASPHALT PAVING, INC., | )<br>) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2</u>

I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above

and foregoing Defendant's First Request for Production of Documents to Plaintiff by causing same

to be placed in the United States mail, postage prepaid, to:

**Bradley M. Harmon, Esq.**
**Hunter Maclean Exley & Dunn**
**P. O. Box 9848**
**Savannah, GA 31412-0048**

This 30th day of March,  2009.

C. DORIAN BRITT
Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

*Page 1 of 1*

10

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES, a division of MARTIN MARIETTA MATERIALS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.  2009S01-57 |
| DOUGLAS ASPHALT COMPANY and DOUGLAS ASPHALT PAVING, INC., | ) ) ) | |
| Defendants. | ) | |

---

### CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above

and foregoing **NOTICE TO TAKE DEPOSITION BY VIDEO-CONFERENCE (BILL**

**LOWISH)** by causing same to be placed in the United States mail, postage prepaid, to:

**Bradley M. Harmon, Esq.**
**Hunter Maclean Exley & Dunn**
**P. O. Box 9848**
**Savannah, GA 31412-0048**

This _____ day of May,  2009.

C. DORIAN BRITT
Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

*Page 1 of 1*

11

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES,          )
a division of MARTIN MARIETTA        )
MATERIALS, INC.,                     )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )          Civil Action No.  2009S01-57
                                     )
DOUGLAS ASPHALT COMPANY and          )
DOUGLAS ASPHALT PAVING, INC.,        )
                                     )
            Defendants.              )

---

### CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above

and foregoing **NOTICE TO TAKE DEPOSITION BY VIDEO-CONFERENCE (MARC**

**KMEC)** by causing same to be placed in the United States mail, postage prepaid, to:

**Bradley M. Harmon, Esq.**
**Hunter Maclean Exley & Dunn**
**P. O. Box 9848**
**Savannah, GA 31412-0048**

This _____ day of May,  2009.

_____
C. DORIAN BRITT
Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

*Page 1 of 1*

12

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES,　　　　)
a division of MARTIN MARIETTA　　　　　)
MATERIALS, INC.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)　　　Civil Action No.  2009S01-57
　　　　　　　　　　　　　　　　　　　　)
DOUGLAS ASPHALT COMPANY and　　　　)
DOUGLAS ASPHALT PAVING, INC.,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　　)

---

### CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above and foregoing **NOTICE TO TAKE DEPOSITION BY VIDEO-CONFERENCE (TODD WILSON)** by causing same to be placed in the United States mail, postage prepaid, to:

**Bradley M. Harmon, Esq.**
**Hunter Maclean Exley & Dunn**
**P. O. Box 9848**
**Savannah, GA 31412-0048**

This _18th_ day of May,  2009.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　C. DORIAN BRITT
　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

*Page 1 of 1*

13

**IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA**

MARTIN MARIETTA AGGREGATES, )
a division of MARTIN MARIETTA )
MATERIALS, INC., )
                       )
           Plaintiff, )
                       )
vs. )    Civil Action No. 2009S01-57
                       )
DOUGLAS ASPHALT COMPANY and )
DOUGLAS ASPHALT PAVING, INC., )
                       )
           Defendants. )

---

## CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

       I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above

and foregoing **AMENDED NOTICE TO TAKE DEPOSITION (BILL LOWISH)** by causing

same to be placed in the United States mail, postage prepaid, to:

               **Bradley M. Harmon, Esq.**
             **Hunter Maclean Exley & Dunn**
                **P. O. Box 9848**
            **Savannah, GA 31412-0048**

This _19H_ day of May, 2009.

                                C. DORIAN BRITT
                                Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

*Page 1 of 1*

14

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES,<br>a division of MARTIN MARIETTA<br>MATERIALS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.  2009S01-57 |
| DOUGLAS ASPHALT COMPANY and<br>DOUGLAS ASPHALT PAVING, INC., | ) ) ) | |
| Defendants. | ) | |

### <u>CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2</u>

I hereby certify that, pursuant to Rule 5.2, I have served a true and correct copy of the above

and foregoing **NOTICE TO TAKE DEPOSITION BY VIDEO CONFERENCE  (KEITH**

**HEDRICK)** by causing same to be placed in the United States mail, postage prepaid, to:

> **Bradley M. Harmon, Esq.**
> **Hunter Maclean Exley & Dunn**
> **P. O. Box 9848**
> **Savannah, GA 31412-0048**

This _20__ day of May,  2009.

C. DORIAN BRITT
Georgia Bar No. 083259

SAVAGE, TURNER, PINSON & KARSMAN
P. O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
(912) 231-9157 - Facsimile

15

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES,                    )
a division of MARTIN MARIETTA                  )
MATERIALS, INC.,                               )
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )          CIVIL ACTION NO. 2009S01-57
                                               )
DOUGLAS ASPHALT COMPANY and                    )
DOUGLAS ASPHALT PAVING, INC.,                  )
                                               )
                    Defendants.                )


## RULE 5.2 CERTIFICATE

COMES NOW PLAINTIFF, MARTIN MARIETTA AGGREGATES, and files this

certificate in compliance with Uniform Superior Court Rule 5.2 and certifies that it has served

Martin Marietta Aggregates' Response To Defendants' First Request for Production of

Documents by hand delivery, as follows:

> C. Dorian Britt
> Savage, Turner, Pinson & Karsman
> 304 E. Bay Street
> Savannah, GA  31401

This _1_ day of _June_____, 2009.

> HUNTER, MACLEAN, EXLEY & DUNN, P.C.
>
> _____
> Bradley M. Harmon
> State Bar No. 327097
> *Attorney   for   Plaintiff   Martin   Marietta*
> *Aggregates*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia  31412
(912) 236-0261

Filed in Office this
_3_ day of _June_ _2009_

_____
Clerk, Superior Court & State Court
Coffee County, Georgia

16

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

MARTIN MARIETTA AGGREGATES, )
a division of MARTIN MARIETTA )
MATERIALS, INC., )
　 )
　　　　Plaintiff, )
　 )
vs. )　　CIVIL ACTION NO. 2009S01-57
　 )
DOUGLAS ASPHALT COMPANY and )
DOUGLAS ASPHALT PAVING, INC., )
　 )
　　　　Defendants. )

### RULE 5.2 CERTIFICATE

COMES NOW PLAINTIFF, MARTIN MARIETTA AGGREGATES, and files this certificate in compliance with Uniform Superior Court Rule 5.2 and certifies that it has served Martin Marietta Aggregates' Response To Defendants' First Interrogatories by hand delivery, as follows:

　　　　C. Dorian Britt
　　　　Savage, Turner, Pinson & Karsman
　　　　304 E. Bay Street
　　　　Savannah, GA  31401

This _1_ day of _June_, 2009.

　　　　HUNTER, MACLEAN, EXLEY & DUNN, P.C.

　　　　Bradley M. Harmon
　　　　State Bar No. 327097
　　　　*Attorney for Plaintiff Martin Marietta Aggregates*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia  31412
(912) 236-0261

Filed in Office this
3 day of June 2009

Angela Spell-Hutto
Clerk, Superior Court & State Court
Coffee County, Georgia

789567-01

17

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES,<br>a division of MARTIN MARIETTA<br>MATERIALS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 2009S01-57 |
| DOUGLAS ASPHALT COMPANY and<br>DOUGLAS ASPHALT PAVING, INC., | ) ) ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DOUGLAS ASPHALT COMPANY** upon all parties to this matter via hand delivery to the following:

> Brent Savage
> C. Dorian Britt
> Savage, Turner, Pinson & Karsman
> 304 E. Bay Street
> Savannah, Georgia 31401

This 1st day of June, 2009.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____
Bradley M. Harmon
State Bar No. 327097
Nicholas J. Laybourn
State Bar No. 142333
*Attorneys for Plaintiff Martin Marietta Aggregates*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261

Filed in Office this
3 day of June 2009

Angela Spell-Hutto
Clerk, Superior Court & State Court
Coffee County, Georgia

789678-01

18

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTIN MARIETTA AGGREGATES,<br>a division of MARTIN MARIETTA<br>MATERIALS, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>DOUGLAS ASPHALT COMPANY and<br>DOUGLAS ASPHALT PAVING, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 2009S01-57 |

## RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**PLAINTIFF'S FIRST INTERROGATORIES TO DOUGLAS ASPHALT COMPANY**

upon all parties to this matter via hand delivery to the following:

>Brent Savage
>C. Dorian Britt
>Savage, Turner, Pinson & Karsman
>304 E. Bay Street
>Savannah, Georgia  31401

This 1st day of June, 2009.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____
    Bradley M. Harmon
    State Bar No. 327097
    Nicholas J. Laybourn
    State Bar No. 142333
    *Attorneys for Plaintiff Martin Marietta*
    *Aggregates*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia  31412
(912) 236-0261

Filed in Office this
3 day of June 2009

_____
Clerk, Superior Court & State Court
Coffee County, Georgia

789657-01